UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLORIDA VAN RENTALS, INC.

    Plaintiff,

vs.

CJB ENTERPRISES, INC. d/b/a
CARL'S VAN RENTALS,
CARL E BETHMANN,
,JAN M BETHMANN

    CJBE.
_____/

CASE NO.

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Florida Van Rentals, Inc. sues CJB Enterprises, Inc., as well as Carl E. Bethmann and Jan M. Bethman individually:

## PARTIES

1. Plaintiff Florida Van Rentals, Inc. ("FLVR"), is incorporated in the state of Florida and has a principal place of business at 6307 Hansel Ave., Orlando, Florida 32809.

2. Upon information and belief, CJB Enterprises, Inc. ("CJBE"), d/b/a Carl's Van Rentals, is incorporated in the state of Florida and has a principal place of business at McCoy Rd., Orlando, Florida 32812.

3. Upon information and belief, Carl E. Bethmann is the President of, and an owner of, CJBE and resides at, or otherwise conducts business at 14040 Lake Tilden Blvd, Winter Garden, Florida 34787.

4. Upon information and belief, CJBE Jan M. Bethmann is an Officer of, and an owner of, CJBE and resides at, or otherwise conducts business at 14040 Lake Tilden Blvd, Winter Garden, Florida 34787.

## JURISDICTION AND VENUE

5. This is a civil action for trademark infringement and unfair competition arising under Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1051 el seq.; state trademark infringement arising under Fla. Stat. §§ 495.001 et seq.; and state deceptive and unfair trade practices, arising under Fla. Stat. §§ 501.20 l-213.

6. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as 15 U.S.C. § 1121, and/or supplemental jurisdiction as stated in 28 U.S.C. §1367, and/or upon principals of pendent and ancillary jurisdiction.

7. Venue properly lies within this judicial district under 28 U.S.C. § 1400(a) because CJBE or its agents can be found in this judicial district, and 28 U.S.C. § 139l(b)(2) because a substantial part of the events giving rise to this action occurred in this judicial district.

## Florida Van Rentals and its Trademark

8. Florida Van Rentals, Inc. ("FLVR") is a small, family owned business specializing in the rental of various types of vans in Florida.

9. FLVR conducts business in Miami, Orlando, Tampa, Ft. Lauderdale and Palm Beach, Florida.

10. FLVR has continuously marketed its services in interstate commerce since at least as early as February of 2007 utilizing the trademark "FLORIDA VAN RENTALS" (herein after "the Mark").

11. FLVR utilizes the Mark, *inter alia*, on its website, in its advertisements and in directory listings relating to its business locations. An exemplary screen print of its website is shown Exhibit A attached hereto.

12. The public associates the Mark with FLVR, and the Mark has acquired a secondary meaning.

13. The Mark was duly registered with the USPTO on or about January 10, 2010, and FLVR thus has trademark rights in the Mark throughout the U.S under federal law. A copy of the trademark registration certificate is attached hereto as Exhibit B.

14. The Mark was duly registered with the state of Florida on or about on or about December 20, 2012, and thus FLVR has trademark rights in the Mark throughout the state of Florida under state law. A screen print of the trademark registration is attached hereto as Exhibit C.

### CJB Enterprises, Inc.

15. CJBE, which, *inter alia*, does business under the name Carl's Van Rentals, rents vans and trucks in the Tampa, Orlando, Jacksonville, and Fort Lauderdale areas.

16. On information and belief, sometime during or before 2012, CJBE began utilizing the Mark in connection with advertising its van rental services.

17. For example, CJBE currently uses the Mark verbatim on, *inter alia*, the home page of its website. A screen print of CJBE's home page is attached hereto as Exhibit D. The page prominently displays the Mark.

18. The use of the Mark on CJBE's website has caused CJBE's website to be prominently displayed on various web search pages when the Mark is used as a search term.

19. In one example, a Yahoo search on the Mark displays CJBE's website positioned *before* that of FLMV's in the local search results (see "Carls Van Rentals") and a second detailed entry, displaying the Mark prominently, is positioned *immediately next* to a detailed entry for FLVR's website (see "Florida Van Rentals by Carl's Van Rentals"). A screen print of a current search result page for Yahoo is attached hereto as Exhibit E.

20. In another example, a Bing search on the Mark displays a detailed entry for CJBE's website ranked high in the search results that prominently displays the Mark (see "Florida Van Rentals by Carl's Van Rentals"). A screen print of a current search result page for Bing is attached hereto as Exhibit F.

21. As a result, users searching the Internet using the search term "Florida Van Rentals" on the Internet see both FLVR's and CBJE's website displayed in association with the Mark and confuse CJBE with FLVR, *inter alia*, believing them to be the same organization.

22. On information and belief, CJBE has also used the Mark on advertisements in other media such as, for example, print media.

**FLVR's Cease and Desist Demand**

23.   On or about November 21, 2012 counsel for FLVR sent CJBE a letter demanding, *inter alia*, that CJBE cease utilizing the Mark in connection with CJBE's goods and services. A copy of the cease and desist demand is attached hereto as Exhibit G.

24.   On or about December, counsel for CJBE sent a reply to FLVR's cease and desist demands in which CJBE refused to cease its use of the Mark. A copy of CJBE's reply is attached hereto as Exhibit H.

25.   Furthermore, the letter claimed that CJBE's website was changed to read "Florida Van Rental Specialists", however the current home page of the website reads "Florida Van Rentals ". See Exhibit D.

26.   CJBE was aware of FLVR, its business and its use of the Mark prior to CJBE's use of the mark.

27.   CJBE use of the Mark is willful and malicious and in reckless disregard of FLVR's rights.

28.   CJBE's use of the Mark has caused actual confusion among consumers, and has misled consumers to associate CJBE's goods and services with FLVR.

29.   As a result, FLVR has suffered decreases in sales and the ability of the Mark to distinguish FLVR's goods and services in the marketplace has been impaired.

**COUNT I – FEDERAL TRADEMARK INFRINGEMENT**

30.   FLVR restates the allegations set forth in paragraphs 1-29 and incorporates them herein by reference.

31. FLVR owns a United States trademark registration for "FLORIDA VAN RENTALS" (Reg. No. 3,738,433).

32. The above registration is valid and in full force and effect.

33. CJBE is using trademarks that are confusingly similar and/or identical to FLVR's "FLORIDA VAN RENTALS" mark in connection with goods and services to the same purchasers and class of purchasers, namely, van rentals, without consent from FLVR.

34. CJBE is using the Mark "FLORIDA VAN RENTALS" in a manner that is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchasers and/or users of such goods and services.

35. CJBE is using the mark "FLORIDA VAN RENTALS" in a manner that has caused actual confusion among purchasers and/or users of such goods and services.

36. CJBE's actions constitute trademark infringement under 15 U.S.C. § 1114.

37. CJBE's actions were taken in willful, deliberate, and/or intentional disregard of FLVR rights. Thus, this case is exceptional under 15 U.S.C. §§ 1051 et seq.

38. FLVR has been damaged by the acts of CJBE. FLVR has suffered, and if the acts of CJBE are allowed to continue, will continue to suffer, irreparable injury for which FLVR has no adequate remedy at law.

39. By reason of CJBE's bad faith and willful infringement, FLVR is entitled to recover actual damages, treble damages, an accounting of CJBE's profits, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 1.5 U.S.C § 1116.

## COUNT II – FEDERAL UNFAIR COMPETITION

40. FLVR restates the allegations set forth in paragraphs 1-29 and incorporates them herein by reference.

41. CJBE was aware of FLVR's "FLORIDA VAN RENTALS" mark.

42. Despite such awareness, CJBE adopted and used confusingly similar marks directed to the same customers.

43. CJBE's adoption and user of the "FLORIDA VAN RENTALS" mark was made with the intention to trade on the goodwill associated with the Mark.

44. CJBE used, on or in connection with goods and services, marks that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of CJBE with FLVR, or as to the origin, sponsorship, or approval of CJBE's goods, or commercial activities.

45. CJBE's acts constitute a false designation of origin and misrepresentation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. CJBE's actions were taken in willful, deliberate, and/or intentional disregard of FLVR's rights and thus case is exceptional under 15 U.S.C. §§ 1051, et seq.

47. FLVR has been damaged by the acts of CJBE, and if the acts of CJBE are allowed to continue, will continue to suffer, irreparable injury for which FLVR has no adequate remedy at law.

48. FLVR is entitled to recover actual and treble damages, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C.. § 1116.

## COUNT III – FLORIDA TRADEMARK INFRINGEMENT

49. FLVR restates the allegations set forth in paragraphs 1-29 and incorporates them herein by reference.

50. FLVR owns a Florida trademark registration for "FLORIDA VAN RENTAL" (Doc. No. T12000001219).

51. The above registration is valid and in full force and effect.

52. CJBE is using trademarks that are confusingly similar and/or identical to FLVR's "FLORIDA VAN RENTAL" Mark in connection with the sale of goods and services to the same purchasers and class of purchasers, namely, van rentals, without consent from FLVR.

53. CJBE use of the Mark "FLORIDA VAN RENTAL" constitutes an offering for sale, distribution, or advertising of goods or services on or in connection with the Mark where such use is likely to cause confusion, to cause mistake, or to deceive.

54. CJBE's actions constitute trademark infringement under Fla. Stat. § 495.131 (1).

55. CJBE's actions were committed with knowledge that such mark was intended to be used to cause confusion or mistake or to deceive, and thus FLVR is entitled to recover profits or damages pursuant to Fla. Stat. § 495.131 (2).

56. FLVR has been damaged by the acts of CJBE, and if the acts of CJBE are allowed to continue, will continue to suffer, irreparable injury for which FLVR has no adequate remedy at law.

57. FLVR is thus entitled to recover actual damages, treble damages, attorneys' fees and injunctive relief pursuant to Fla. Stat. § 495.141 (1).

## COUNT IV – FLORIDA UNFAIR COMPETITION

58. FLVR restates the allegations set forth in paragraphs 1-29 and incorporates them herein by reference.

59. CJBE is using trademarks that are confusingly similar and/or identical to FLVR's "FLORIDA VAN RENTALS" mark in connection with goods and services to the same purchasers and class of purchasers, namely, van rentals, without consent from FLVR.

60. CJBE is using the Mark "FLORIDA VAN RENTALS" in a manner that is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchasers and/or users of such goods and services.

61. CJBE is using the Mark "FLORIDA VAN RENTALS" in a manner that has caused actual confusion among purchasers and/or users of such goods and services.

62. CJBE's actions as stated above constitute a violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat.§§501.201 et seq.

63. Due to CJBE's violation of this Act, Plaintiff is entitled to recover CJBE's profits, the costs of this action, including reasonable attorneys' fees, and a permanent injunction enjoining CJBE from offering goods or services under the mark "FLORIDA VAN RENTALS".

## COUNT V – INDUCING INFRIGEMENT - CARL BETHMANN

64. FLVR restates the allegations set forth in paragraphs 1-29 and incorporates them herein by reference.

65. CJBE is using trademarks that are confusingly similar and/or identical to FLVR's "FLORIDA VAN RENTALS" Mark in connection with goods and services to the same purchasers and class of purchasers, namely, van rentals, without consent from FLVR.

66. CJBE is using the Mark "FLORIDA VAN RENTALS" in a manner that is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchasers and/or users of such goods and services.

67. CJBE is using the Mark "FLORIDA VAN RENTALS" in a manner that has caused actual confusion among purchasers and/or users of such goods and services.

68. CJBE's actions constitute trademark infringement under 15 U.S.C. § 1114.

69. CJBE's acts constitute a false designation of origin and misrepresentation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

70. CJBE's actions constitute trademark infringement under Fla. Stat. § 495.131 (1).

71. On information and belief, as an officer and as president of CJBE, Carl Bethmann has the ability to control the actions of CJBE, including the content of CJBE's website and advertisements.

72. On information and belief, Carl Bethmann directed, and continues to direct, CJBE to use the mark "FLORIDA VAN RENTALS" in CJBE's website and advertisements.

73. In so doing, Carl Bethmann induced CJBE to infringe FLVR's "FLORIDA VAN RENTALS" mark .

74. Carl Bethmann is therefore personally liable for contributory infringement of FLVR's "FLORIDA VAN RENTALS" mark.

## COUNT VI – INDUCING INFRIGEMENT - JAN BETHMANN

75. FLVR restates the allegations set forth in paragraphs 1-29 and incorporates them herein by reference.

76. CJBE is using trademarks that are confusingly similar and/or identical to FLVR's "FLORIDA VAN RENTALS" Mark in connection with goods and services to the same purchasers and class of purchasers, namely, van rentals, without consent from FLVR.

77. CJBE is using the Mark "FLORIDA VAN RENTALS" in a manner that is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchasers and/or users of such goods and services.

78. CJBE is using the Mark "FLORIDA VAN RENTALS" in a manner that has caused actual confusion among purchasers and/or users of such goods and services.

79. CJBE's actions constitute trademark infringement under 15 U.S.C. § 1114.

80. CJBE's acts constitute a false designation of origin and misrepresentation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

81. CJBE's actions constitute trademark infringement under Fla. Stat. § 495.131 (1).

82. On information and belief, as an officer of CJBE, Jan Bethmann has the ability to control the content of CJBE's website and advertisements.

83. On information and belief, Jan Bethmann directed, and continues to direct, CJBE to use the mark "FLORIDA VAN RENTALS" in CJBE's website and advertisements.

84. In so doing, Jan Bethmann induced CJBE to infringe FLVR's "FLORIDA VAN RENTALS" mark .

85. Jan Bethmann is therefore personally liable for contributory infringement of FLVR's "FLORIDA VAN RENTALS" mark.

## REQUESTED RELIEF

WHEREFORE, FLVR prays for relief as follows:

A. A permanent injunction enjoining CJBE, Carl Bethmann and Jan Bethmann from offering goods or services in commerce utilizing the mark "FLORIDA VAN RENTALS" or any colorable imitation thereof.

B. An accounting of CJBE's sales of goods or services during the period CJBE's used FLVR's "FLORIDA VAN RENTALS" mark and earnings and profits resulting therefrom;

C. An award of compensatory damages in an amount to be determined at trial;

D. An award of treble damages pursuant to 15 U.S.C. section 1117 and Fla. Stat. § 495.141 (1), the amount to be determined at trial;

E. An award of CJBE′s profits, pursuant to 15 U.S.C. section 1117 and Fla. Stat. § 495.141 (1);

F. An award of costs and attorneys′ fees pursuant to 15 U.S.C. section 1117 and Fla. Stat. § 495.141 (1) or any other applicable statutory or contractual provision; and

G. Such other and further relief as the Court deems just and proper.

**Dated:** **March 8, 2013.**

Respectfully submitted,

**HARPER IP LAW, P.A.**

**/s/Wayne V. Harper**
Wayne V. Harper
Florida Bar No. 763,101
2112 W. Marjory Ave.
Tampa, Florida 33606
Telephone: (813) 892-7839
wayne@harperiplaw.com